**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Edward Dominguez, | ) | No. CV-10-0840-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Freedom Plaza Care Center; Dr. Michael N. Desvigne, | ) | |
| Defendants. | ) | |

On May 17, 2010, *pro se* Plaintiff Edward Dominguez filed two documents: 1) a "Motion Request," indicating he has been hospitalized for a month with serious health problems and his wife, Roberta R. Dominguez, has his "Power of Attorney to sign the documents on [his] behalf[;]" 2) a document Plaintiff labels "Order to Show Cause," explaining his recent hospitalization and serious medical issues. (docket ## 8-9)

The Clerk has provided the Court with a copy of the magistrate-judge consent form signed by Plaintiff's wife, Roberta R. Dominguez, on April 25, 2010, consenting to magistrate-judge jurisdiction in this case. (docket # 10) Review of this consent form to determine Plaintiff's intent, which is a mixed legal and factual determination, is a judicial function, not a clerical one. Upon review of the signed consent form, it is readily apparent that Plaintiff is responding to the Court's May 5, 2010 Order to Show Cause and attempting to comply with prior court orders by voluntarily consenting to a magistrate judge jurisdiction

rather than electing to have this case assigned to a district judge. (docket ## 5, 7)

Attached to the Motion Request is a "Deferred Power of Attorney," signed and verified by Plaintiff on November 11, 1998 before a licensed notary public in Maricopa County, Arizona. (docket # 9) Also attached thereto is a medical record verifying Plaintiff's recent hospitalization in Las Vegas, Nevada. (*Id*. at 4)

Federal Rule of Civil Procedure 73(b)(1) does not mandate that any particular written document or form be used to consent to magistrate-judge jurisdiction; rather, it merely requires that the parties "must jointly or separately file a statement consenting to the referral." Fed.R.Civ.P. 73(b); *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001) ("While § 636(c) does not specify the precise form or timing of the parties' consent, we require that the record reflect the parties' "clear and unambiguous expression of consent" in order to protect the voluntariness of consent."); *Kadonsky v. United States*, 216 F.3d 499, 502 (5th Cir. 2000) (by signing a written "joint status report" party sufficiently consented to magistrate-judge jurisdiction even though party did not sign the form consent commonly used and officially recognized by Fed.R.Civ.P. 73). "The joint status report, therefore, sufficiently safeguard[ed] the voluntariness of the consent required under § 636(c)." (*Id*.) (internal quotation marks omitted).

Although the validity of the "Deferred Power of Attorney" is not at issue, the Court notes that the document appears to comply with most of the requirements of Arizona Revised Statute ("A.R.S.") § 14-5501, as that statute existed in 1998 (when the power of attorney was created) and today, for creating a "durable" power of attorney.[1] Presumably,

---

[1] Arizona Revised Statute § 14-5501 governs the creation and validity of durable powers of attorney in Arizona and provides in pertinent part that:

> A. A durable power of attorney is a written instrument by which a principal designates another person as the principal's agent. The instrument shall contain words that demonstrate the principal's intent that the authority conferred in the durable power of attorney may be exercised:

Plaintiff intended to create a durable, rather than a deferred, power of attorney as the Court's research has uncovered no Arizona case or statute describing a deferred power of attorney. It appears, however, that the "Deferred Power of Attorney" does not strictly comply with the requirement that it be "witnessed by a person other than the agent, the agent's spouse, the agent's children or the notary public." A.R.S. § 14-5501(D)(3) (2010); A.R.S. § 14-5501(D)(3) (West 1998). Rather, the document before the Court is signed only by the principal and the notary public. Although the power of attorney may include a defect, the Court will accept the consent form and finds that Plaintiff has sufficiently expressed his intention to voluntarily consent to magistrate-judge jurisdiction at this point.

The Court deems Plaintiff's Motion Request asking "the court for an extension" to be *pro se* Plaintiff's request for more time to comply with the Court's April 20, 2010

---

    1. If the principal is subsequently disabled or incapacitated.
    2. Regardless of how much time has elapsed, unless the instrument states a definite time.

B. The written instrument may demonstrate the principal's intent . . . by . . . using either of the following statements or similar language:

    1. This power of attorney is not affected by subsequent disability or incapacity of the principal or lapse of time.
    2. This power of attorney is effective on the disability or incapacity of the principal.

\* \* \*

D. [A] written power of attorney [must satisfy] all of the following requirements:

    1. Contains language that clearly indicates that the principal intends to create a power of attorney and clearly identifies the agent.
    2. Is signed . . . by the principal . . .
    3. Is witnessed by a person other than the agent, the agent's spouse, the agent's children or the notary public.
    4. Is executed and attested . . . before [a] notary public . . . .

Order to file an amended complaint. In light of Plaintiff's serious health problems and his *pro se* status the Court will grant Plaintiff's request for more time. Plaintiff is forewarned, however, that even though the Court is sympathetic to Plaintiff's numerous challenges at this time, he does not have an unlimited period of time to comply with court orders and his wife's power of attorney does not allow her to practice law by representing Plaintiff in this lawsuit. *Encinas v. Mangum*, 203 Ariz. 357, 54 P.3d 826, (Ariz.Ct.App. 2002) (citing *Haberkorn v. Sears, Roebuck & Co.*, 5 Ariz.App. 397, 399, 427 P.2d 378, 380 (Ariz.Ct.App. 1967) (non-lawyer husband may not represent wife in a court of law, despite any community interest)); *Bloch v. Bentfield*, 1 Ariz.App. 412, 417, 403 P.2d 559, 564 (Ariz.Ct.App. 1965) (non-lawyer plaintiff could represent self but not co-plaintiff family members).

**IT IS ORDERED** that Plaintiff's Motion Request, docket # 9, is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Monday, June 21, 2010**, Plaintiff shall file a First Amended Complaint in compliance with Rule 8(a), FED.R.CIV.P., and LRCiv.7.1 which shall contain a short and plain statement of his factual and legal allegations against the Defendants, specify the Court's jurisdictional basis, and clarify the federal or state statute(s), if any, upon which Plaintiff is relying to support his claim(s).

**IT IS FURTHER ORDERED** that the May 5, 2010 Order to Show Cause is hereby **DISCHARGED**.

Dated this 24th day of May, 2010.

Lawrence O. Anderson
United States Magistrate Judge